**GREGORY A. DOUGLAS, ESQ. (SBN 147166)**
**JAMIE McCRARY, ESQ. (SBN 287023)**
**LAW OFFICES OF GREGORY A. DOUGLAS**
**4276 Katella Ave., #301**
**Los Alamitos, CA  90720**
**Tel.:  (562) 252-8800**
**Fax:  (562) 256-1006**
**greg@gdouglaslaw.com**

Attorneys for Plaintiff
MARIA SIMPSON

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SIMPSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANDERSON FINANCIAL CORPORATION, a California corporation; DOES 1-10, business entit(ies), form(s) unknown; DOES 11-20, individual(s); and DOES 21-30, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES**<br><br>1. **Violations of the Fair Labor Standards Act of 1938; and**<br>2. **Unfair Competition [B&PC § 17200-*et seq*.]** |

    **COMES NOW** Plaintiff MARIA SIMPSON ("Plaintiff"), complains and alleges against the above-named Defendants ANDERSON FINANCIAL CORPORATION, DOES 1-10, DOES 11-20, and DOES 21-30, inclusive (collectively "Defendants"), and each of them, for causes of action as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants, and each of them, for injunctive relief, damages, backpay, restitution, liquidated damages, civil penalties, prejudgment interest, costs, attorney's fees, and other appropriate relief for Defendants', and each of their violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA"), and California Business & Professions Code §§ 17200-et seq.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because defendants ANDERSON FINANCIAL CORPORATION conducted business and may be found in this district, and a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## THE PARTIES

4. MARIA SIMPSON ("SIMPSON") is and, at all relevant times herein, was a resident of ORANGE County, State of California. At all relevant times herein, SIMPSON was employed by Defendants, and each of them, in the State of California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant ANDERSON FINANCIAL CORPORATION ("ANDERSON FINANCIAL"), is and, at all relevant times herein, was a business corporation, organized, existing, and authorized to do business under the laws of the State of California, and doing business at 17772 COWAN, IRVINE, CA 92614, in the County of ORANGE, State of California. At all relevant times herein, ANDERSON FINANCIAL was the employer of Plaintiff, in the State of California.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10 but is informed and believes that DOES 1-10 are business entities (form unknown) and employers (joint or otherwise) of Plaintiff. Plaintiff is ignorant of

the true names and residences of defendants sued herein as DOES 11-20 but is informed and believes that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of Plaintiff. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 21-30. Based upon the foregoing, Plaintiff sues DOES 1-10, DOES 11-20, and DOES 21-30 (collectively "DOE Defendants") by such fictitious names and capacities. Plaintiff will amend this complaint to show said DOE Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants acted wrongfully, maliciously, intentionally and negligently; violated the FLSA as alleged in this Complaint; that each is legally responsible in some manner for the events, happenings, and/or occurrences alleged in this Complaint; and that the injuries and damages of Plaintiff were proximately caused by DOE Defendants, either through their own conduct or through the conduct of their agents and/or employees.

7. Plaintiff is informed and believes, and on that basis alleges, that, at all relevant times herein Defendants, and each of them, maintained offices, operated businesses, employed persons, conducted business in, and paid Plaintiff by illegal payroll practices and policies in the County of ORANGE.

8. Whenever, in this Complaint, a reference is made to "and each of them" when referring to Defendants, such allegation shall be deemed to mean the referenced Defendants individually, jointly, and/or severally.

9. Whenever, in this Complaint, a reference is made to "at all relevant times," such allegation shall be deemed to mean Plaintiff's employment with Defendants, and each of them, starting from the three-year period preceding the filing of this Complaint through and including the date of termination of the employment relationship between Plaintiff and Defendants, and each of them, respectively.

**AGENCY ALLEGATIONS**

10. At all relevant times herein, Defendants, and each of them, were employers within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), in that they, and each of

them, directly or indirectly employed or exercised control over Plaintiff's wages, hours, and/or working conditions, and/or acted directly or indirectly in the interest of an employer in relation to Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that, at all relevant times herein, Defendants, and each of them, were the partner, officer, director, agent, employee, servant and/or representative of each of the remaining Defendants, and in doing the things as alleged in this Complaint, were acting within the course, scope, and/or authority of such agency, service, employment, partnership and/or joint venture, and with the consent, knowledge, approval and ratification of each of the other Defendants.

12. Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them:

    a. Managed the business for which Plaintiff was employed;

    b. Exercised and/or employed direct control over the wages, hours, and working conditions of Plaintiff, whether personally or through an agent or any other person;

    c. Exercised and/or employed indirect control over the wages, hours, and working conditions of Plaintiff, whether personally or through an agent or any other person;

    d. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the misclassification and/or wrongful treatment of Plaintiff as an exempt employee for purposes of exemption from the FLSA;

    e. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which are in violation of the FLSA, as alleged in this Complaint, and incorporated herein by reference;

f. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which caused the other Defendants, and each of them, to violate the FLSA, as alleged in this Complaint, and incorporated herein by reference;

g. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which have operated to the injury and prejudice of Plaintiff, as alleged in this Complaint, and incorporated herein by reference;

h. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was in violation of the FLSA, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the FLSA as alleged in this Complaint, and incorporated herein by reference;

i. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control caused the other Defendants, and each of them, to violate the FLSA, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the FLSA by the other Defendants, and each of them, as alleged in this Complaint, and incorporated herein by reference;

j. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring Plaintiff and he/she/it failed to take or order appropriate action to avoid the harm;

k. Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the Defendants, and each of them, required Plaintiff to work unpaid overtime hours

notwithstanding the fact that Plaintiff was not exempt from the requirement to pay overtime compensation under any applicable exemption under the FLSA;

l. Furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of each of the other Defendants, and each of them, including, but not limited to, their refusal and failure to ensure proper payment of wages to Plaintiff and instead voting for or otherwise approving continuing unlawful wage practices, refusing to properly investigate and ensure Plaintiff was treated in compliance with the FLSA, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the FLSA and breaches of duty.

## ALTER EGO ALLEGATIONS

13. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the alter ego of the remaining Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between one or more of Defendants herein and one or more of the other Defendants herein, such that any individuality and separateness between said Defendants has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, the alter ego of and all other Defendants.

14. Plaintiff is informed and believes, and on that basis alleges, that the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them,

have defaulted on their individual and collective obligations to Plaintiff under California law.

15.  Plaintiff is informed and believes, and on that basis alleges, that one or more of Defendants herein was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants and in that the activities and business of the other Defendants was carried on without the holding of director's or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

16.  Plaintiff is informed and believes, and on that basis alleges, that one or more of Defendants herein, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendants, said capitalization was inadequate to do business properly and legally under California and/or federal law.

17.  At all relevant times herein, Defendants, and each of them, were subject to the FLSA.

**FACTS COMMON TO ALL CAUSES OF ACTION**

18.  At all relevant times herein, the employment of Plaintiff was subject to the provisions of the FLSA. At all relevant times herein, the FLSA applied to the wages, hours, and working conditions of Plaintiff employed by Defendants, and each of them.

19.  SIMPSON was employed as a SENIOR TRUST ACCOUNTANT with Defendants, and each of them, continuously from on or about SEPTEMBER 2004 until termination of the employment relationship on or about NOVEMBER 30, 2021. SIMPSON's job title did not necessarily accurately describe the work performed.

20.  At all relevant times, SIMPSON did not meet any of the exemptions as defined in the FLSA. At all relevant times, SIMPSON was a non-exempt employee

entitled to the protections of the FLSA as alleged in this Complaint and incorporated herein by reference.

21. At all relevant times herein, SIMPSON routinely worked in excess of forty (40) hours per week.

22. At all relevant times herein, SIMPSON was typically paid an approximate flat rate ("Wage Rate"), without regard to the number of hours actually worked by SIMPSON.

23. By paying to SIMPSON the Wage Rate regardless of hours worked by SIMPSON, Defendants, and each of them, routinely and systematically failed to compensate SIMPSON for all wages to which SIMPSON was entitled.

24. Defendants, and each of them, routinely and systematically failed to pay to Plaintiff all wages owed for all hours actually worked. Plaintiff complained to Defendants, and each of them, about this fact, to no avail.

25. Throughout Plaintiff's employment, Defendants, and each of them, failed to provide Plaintiff with accurate itemized wage statements showing the correct number of hours worked by Plaintiff at the effective regular and overtime rates of pay applicable to those hours worked.

26. As a direct and proximate result of the conduct of Defendants, and each of them, in violation of the FLSA, Plaintiff has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to Plaintiff's damage, in amounts according to proof at trial.

## FIRST CAUSE OF ACTION

### (Violation of the federal Fair Labor Standards Act ("FLSA") Against All Defendants)

27. Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

28. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, including, but not limited to, section 7 of the FLSA, codified at 29 U.S.C. § 207. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

29. Defendants, and each of them, are subject to the overtime pay requirements of the FLSA because Defendants, and each of them, are an enterprise engaged in interstate commerce and its employees are engaged in commerce.

30. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

31. Pursuant to the FLSA, Defendants, and each of them, were required to compensate Plaintiff overtime compensation at prescribed hourly overtime rates for all overtime hours actually worked.

32. By paying to Plaintiff the Wage Rate regardless of the actual hours worked, Defendants, and each of them, routinely and systematically failed to pay Plaintiff for the premium pay for all of Plaintiff's overtime hours as required by the FLSA.

33. At all relevant times herein, Defendants, and each of them, violated the FLSA by failing to properly calculate and pay overtime compensation to Plaintiff as required by law.

34. As a direct and proximate result of the willful, knowing, and intentional violation of the FLSA, Plaintiff has been damaged in that the Plaintiff has not received all wages due and owing, and has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to Plaintiff's damage in amounts according to proof at trial.

35. As a direct and proximate result of the conduct of Defendants, and each of them, in violation of the FLSA, Plaintiff is entitled, pursuant to the FLSA, to recover the unpaid balance of the full amount of this overtime wage compensation due, including interest thereon, together with reasonable attorney's fees and costs of suit.

36. Plaintiff is a victim of a uniform and company-wide compensation policy.

37. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants, and each of them, acted willfully and knew, or showed reckless disregard of whether, Defendants, and each of their, conduct was prohibited by the FLSA.

38. Defendants, and each of them, have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

39. Alternatively, should the Court find Defendants, and each of them, did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

40. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants, and each of them, from Plaintiff. Accordingly, Defendants, and each of them, is liable for back pay, compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs of this action.

///
///
///
///

## SECOND CAUSE OF ACTION

**(For Unfair Competition in Violation of Unfair Business Practices- Business & Professions Code §§ 17200 et. seq. Against All Defendants)**

41.  Plaintiff re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

42.  California Business & Professions Code §§ 17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

43.  The conduct by Defendants, and each of them, as alleged herein, have been and continue to be unfair, unlawful, and deleterious to Plaintiff herein. Plaintiff hereby seeks to enforce important rights within the meaning of Code of Civil Procedure § 1021.5. Plaintiff is a "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

44.  Section 2 of the FLSA, codified at 29 U.S.C. § 202, articulates the federal public policy to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

45.  Defendants, and each of them, have committed unlawful and/or unfair business practices, including, but not limited to, failing to pay overtime premiums in violation of Section 7 of the FLSA, codified at 29 U.S.C. § 207.

46.  Through the conduct alleged herein, Defendants, and each of them, acted contrary to the FLSA and these public policies, and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving Plaintiff herein, of the rights, benefits, and privileges guaranteed to employees under the law. As a result, Defendants, and each of them, have been unjustly enriched.

47. Defendants, and each of them, regularly and routinely violated the FLSA with respect to Plaintiff as alleged in this Complaint and incorporated herein by reference.

48. By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-et. seq., Defendants, and each of them, harmed Plaintiff herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

49. Under Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds from Defendants, and each of them, DOES 1-10, and DOES 11-20 on behalf of himself affected by the unfair business practices of Defendants, and each of them, as enumerated herein.

50. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent Defendants, and each of them, from continuing to engage in the unfair business practices as alleged herein. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to Plaintiff herein, unless Defendants, and each of them, are restrained from committing further illegal acts.

51. Plaintiff's success in this action will result in the enforcement of important rights. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. Plaintiff, individually and by and through counsel, has incurred and continues to incur a financial burden in pursuing this action. Plaintiff further seeks to enjoin the above-referenced unlawful actions under the FLSA. Therefore, Plaintiff seeks an award of attorney's fees

and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff, and against Defendants, and each of them, as follows:

1. For compensatory damages as may be established according to proof at trial;

2. For all unpaid wages as may be established according to proof at trial;

3. For liquidated damages as may be established according to proof at trial;

4. For prejudgment and post-judgment interest on all damages awarded, at the legal rate;

5. For attorneys' fees and costs as allowed by the FLSA;

6. For restitution of all monies due to Plaintiff, and disgorgement of profits from the unlawful business practices of Defendants, and each of them;

7. For a preliminary and permanent injunction ordering Defendants, and each of them, to cease such unlawful and unfair practices as alleged hereinabove and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; and

8. For such other and further relief as the Court deems just and proper.

DATED: March 9, 2022                    **LAW OFFICES OF GREORY A. DOUGLAS**

*/s/ Gregory A. Douglas*
GREGORY A. DOUGLAS
Attorneys for Plaintiff, MARIA SIMPSON